UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SHANNON DALTON, for herself and on
behalf of those similarly situated,

       Plaintiff,                      CASE NO.:

vs.

CLEVELANDER OCEAN, LP, a
Foreign Limited Partnership, itself, and as
successor-in-interest to 2K Clevelander,
LLC, a Foreign Limited Liability
Company,

       Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHANNON DALTON ("Plaintiff") brings this action on behalf of herself and other current and former similarly situated employees and files this Collective Action Complaint against Defendant, CLEVELANDER OCEAN, LP, a Foreign Limited Partnership, itself, and as successor in interest to 2K CLEVELANDER, LLC ("Defendant" or "CLEVELANDER"), and states as follows:

**INTRODUCTION**

1. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages

rightfully earned by their employees. *See Billingsley v. Citi Trends, Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. This is a collective action brought pursuant to 29 U.S.C. § 216(b) and by Plaintiff, individually and on behalf of all other similarly situated persons employed by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3. Defendant owns and operates the Clevelander South Beach Hotel and Bar, located at 1020 Ocean Drive, Miami Beach, Florida in Miami-Dade County, Florida.

4. Defendant employed Plaintiff and other similarly situated bartenders and/or servers but failed to pay them the appropriate minimum wages and overtime pay under the FLSA.

5. In the three years prior to the filing of this Complaint, Defendant purported to charge an amount to each of its customers which it characterized as a "service charge." However, the customer could increase, decrease, or refuse to pay the so-called "service charge." As such, the "service charge" is discretionary, and was really a tip, which is, and was, the property of Plaintiff and those similarly situated.

6. Defendant retained 100% of the "service charges," and paid Plaintiff and those similarly situated only amounts derived from the "service charges," which it called "commissions," rather than any direct or defined hourly wage. To be clear, Defendant did not pay Plaintiff or those similarly situated a direct or defined hourly wage for each hour worked.

7. The amounts Defendant characterized as commissions do not qualify as *bona fide* commissions under the FLSA.

8. As an employer, Defendant is not entitled to retain any employee tips. As such, in retaining Plaintiff's tips, as well as the tips of those similarly situated, Defendant violated, and continues to violate, the FLSA and its implementing regulations, applicable to tipped employees.

9. Defendant did not pay any overtime premiums to Plaintiff or those similarly situated for those hours over forty in a workweek which they worked.

10. Defendant did not pay Plaintiff and those similarly situated the applicable minimum wage for each week/hour that they worked.

11. Defendant's practice of failing to pay its tipped bartenders and/or servers pursuant to 29 U.S.C. § 203(m), violates the FLSA.

12. Plaintiff brings a collective action to recover all improperly withheld tips and the unpaid minimum and overtime wages owed to her and all other similarly situated bartenders and/or servers, current and former, of Defendant who worked at the Clevelander South Beach Hotel and Bar at any time during the three year period before this Complaint was filed up to the present ("those similarly situated" or "Putative Members"). These Putative Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## JURISDICTION AND VENUE

13. Jurisdiction in this Court is proper as this is a claim for unpaid wages under the FLSA to obtain: (i) declaratory relief; (ii) a judgment against Defendant as to liability; (iii) recover unpaid back wages; (iv) an additional equal amount in liquidated damages; and (v) to recover reasonable attorneys' fees and costs.

14. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

15. Venue is proper in the Southern District of Florida because Plaintiff resides within the District, Defendant maintains business operations within this District,[1] and a substantial portion of the events forming the basis of this suit occurred in this District.

16. This action is intended to include each and every tipped and/or hourly paid bartender and/or server who worked for Defendant at any time within the past three (3) years.

## PARTIES

17. At all times material to this action, Plaintiff was, and continues to be, a resident of Miami Dade County, Florida within the Southern District of Florida.

18. Upon information and belief, Defendant Clevelander Ocean, LP, was and continues to be, a Foreign Limited Partnership.

19. Upon information and belief, Defendant's business operations are/were located in Miami-Dade County, Florida and Defendant regularly conducted business in this jurisdiction.

20. 2k Clevelander, LLC, was engaged in the same business that Clevelander Ocean, LP, currently operates, and both entities operated the business at the same address at 1020 Ocean Drive.

21. Clevelander Ocean, LP, used the same employees that 2k Clevelander, LLC, used and experienced no break in operations between closure of 2k Clevelander,

---

[1] Defendant maintained active business operations in this District until July 2020, when it temporarily closed due to the COVID-19 pandemic. The Company remains an "active" corporation with the Florida Department of Corporations, and Defendant continues to pay operating expenses for the property. As such, its operations are ongoing. Moreover, while the practices described herein have been temporarily halted due to the closure, Plaintiff expects that same will resume when Defendant re-opens.

4

LLC, and opening of Clevelander Ocean, LP; the same equipment and methods of production were used by Clevelander Ocean, LP as were previously used by 2k Clevelander, LLC; and the same services were offered by Clevelander Ocean, LP, that were previously offered by 2k Clevelander, LLC.

22. Based on the foregoing allegations, Clevelander Ocean, LP, is a successor in interest to 2k Clevelander, LLC, and is equally liable to Plaintiff and those similarly situated for the debt of 2k Clevelander, LLC.

23. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

24. Plaintiff, Shannon Dalton was employed by the Defendant from approximately November 2019 to March 2020, performing bartender and/or server duties for Defendant in its business located at 1020 Ocean Drive, Miami Beach, Miami-Dade County, Florida. Dalton's consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

25. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

26. In the three years preceding this Complaint, Defendant has been an "employer" within the meaning of the FLSA.

27. In the three years preceding this Complaint, Defendant has been an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

28. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum in the three years preceding this Complaint.

29. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, napkins, plates, cups, liquor, knives, chairs, and tables, which were used directly in furtherance of Defendant's commercial activity of running The Clevelander South Beach Hotel and Bar.

30. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

31. Plaintiff is an "employee" within the meaning of the FLSA.

32. Plaintiff, Shannon Dalton was employed by the Defendant from approximately November 2019 to March 2020.

33. Defendant hired DALTON to work as a non-exempt server/bartender for Defendant's company, a hotel, bar and restaurant, at its location in Miami Beach, Miami Dade County, Florida.

34. DALTON was employed by Defendant in this position until March 2020.

35. Plaintiff's job duties included serving food and beverages to customers.

36. Defendant did not claim any tip credit related to Plaintiff's employment.

37. Defendant failed to compensate Plaintiff Florida minimum wage in violation of the FLSA.

38. Defendant charged an amount to customers that it characterized as a "service charge." However, the customer may increase, decrease, or refuse to pay this purported "service charge.".

39. As such, the service charge is discretionary and was really a tip or gratuity.

40. These tips or gratuities were the property of, and should have been retained by, Plaintiff and those similarly situated.

41. Defendant retained 100% of the service charges/tips.

42. The service charges/tips are a key part of how Plaintiff's and similarly situated employees' pay was calculated.

43. Defendant paid Plaintiff and those similarly situated an amount that it characterized as a "commission."

44. Plaintiff and those similarly situated only received the purported "commission," rather than a defined hourly or direct wage for those hours worked as bartenders/servers.

45. Plaintiff's only compensation for all hours worked in a work week including overtime hours was the purported "commission" paid by Defendant.

46. Defendant did not pay any overtime premiums for hours over forty in a workweek to Plaintiff or those similarly situated.

47. At all times relevant hereto Defendant did not permit Plaintiff to retain all of her tips. Instead, Defendant pooled the tips, and retained certain amount for its own use.

48. Defendant's retention of a portion of its bartenders' and/or servers' tips, is unlawful under the FLSA. Therefore, Defendant was/is required to disgorge to Plaintiff and those similarly situated to Plaintiff any amounts unlawfully retained or distributed.

49. In addition, because all of the wages of Plaintiff and those similarly situated were paid from their own tips, Plaintiff and the Putative Members never received a direct wage from Defendant, and are entitled to receive the applicable minimum wage for each hour worked.

7

50. Plaintiff and those similarly situated did not earn at least the applicable statutory minimum wage for all hours worked during one or more workweeks.

51. Plaintiff and those similarly situated were/are entitled to the applicable statutory minimum wage.

52. Defendant had a common pay policy and/or pay practice which violates the FLSA in that it failed to compensate its servers and bartenders at least the statutory minimum wage for all hours worked per week as a result of:

   a. Improperly keeping 100% of the service charges/tips rightfully owned by Plaintiff and those similarly situated;

   b. Requiring its bartenders and/or servers to share service charges/tips with the business; and

   c. Failing to pay any direct wage, and instead paying only an amount purported to be a "commission" derived 100% from employee tips.

53. In various workweeks in the three years preceding the filing of this Complaint, Plaintiff and other bartenders and/or servers worked for Defendant in excess of forty (40) hours within a workweek.

54. Defendant did not compensate Plaintiff or other bartenders and/or servers at time and one-half the minimum allowable rate of hourly pay for their overtime hours, or at time and one-half of any other amount that is determined to be the "regular rate of pay."

55. In fact, Defendant paid no overtime premiums to Plaintiff or the Putative Members at all.

56. Due to the policies and practices described above, during the three years preceding the filing of this Complaint, Defendant failed to compensate Plaintiff and those

similarly situated to Plaintiff at a rate of one and one-half their regular rate of pay, or even at the minimum allowable overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

57. Plaintiff and those similarly situated to Plaintiff who worked for Defendant in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek, which must, at a minimum, be one and a half times the lowest lawful minimum wage, as required by the FLSA.

58. Defendant has violated Title 29 U.S.C. §203 and 206 during the three years preceding the filing of the Complaint in this matter, in that:

   a. Defendant has failed to pay Plaintiff and those similarly situated to her proper minimum wage for all of the hours worked for Defendant as required by the FLSA;

   b. Defendant unlawfully retained tips that were the property of Plaintiff and those similarly situated; and

   c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the applicable minimum wage, for all hours worked, because Defendant compensated these employees entirely through their own tips.

59. Defendant has violated Title 29 U.S.C. §207 during the three years preceding the filing of this Complaint, in that:

   a. Plaintiff and one or more of those similarly situated to Plaintiff worked in excess of forty (40) hours per workweek during their employment with Defendant; and

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the statutory rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage.

60. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and those similarly situated, as Defendant knew or with reasonable diligence should have known that Plaintiff and other bartenders and/or servers should be paid at least the minimum wage for all hours worked; that these employees were entitled to be paid for all of their overtime hours at an overtime rate; that Defendant was not permitted to retain any portion of employee tips; that its "service charges" were subject to such discretion that they were, in fact, gratuities which were the property of the servers and bartenders; and that Defendant's "commission" payments were not part of a *bona fide* commission system, such that they did not qualify Defendant for any exemption to the FLSA's requirement to pay overtime premiums.

61. Defendant is the successor in interest to 2K Clevelander, LLC, which maintained the same payment scheme regarding "service charges" and "commissions" described above, and which was sued no less than five times for violations of the FLSA. Further, 2K Clevelander failed to prevail in any matter on summary judgment, or otherwise, that the payment scheme described above is lawful.

62. Having conducted diligence prior to its purchase of the Clevelander Hotel, Defendant would have undoubtedly been familiar with the myriad FLSA litigation then pending against 2K Clevelander, LLC.

63. In fact, several of the prior litigations were settled at the same time that Defendant purchased the business from 2k Clevelander, LLC, suggesting that the lawsuits were resolved in connection with the sale.

64. Rather than change the payment scheme after purchasing the business from 2k Clevelander, LLC, Defendant maintained the same payment scheme, including

those aspects which were specifically found would violate the FLSA if proven true.

65. Upon information and belief, Defendant did not rely upon the advice of counsel in maintaining the pay structures of Plaintiff and those similarly situated.

66. Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

67. The additional persons who may join this action are those similarly situated to Plaintiff, who also were not paid appropriate minimum and overtime wages due to Defendant's policies and practices described above.

## COLLECTIVE ACTION ALLEGATIONS

68. As part of their regular business practices, Defendant intentionally, willfully and repeatedly harmed Plaintiff and Putative Members by engaging in a pattern, practice, or policy of violating the FLSA on a collective wide basis, as described above.

69. Plaintiff and Putative Members were all "Bartenders" and/or "Servers" in Defendant's hotel and bar, and performed the same or similar job duties as one another in that they provided food and beverage services to Defendant's patrons and worked under the same conditions and subject to the same violations of the FLSA.

70. Many Putative Members regularly worked in excess of forty (40) hours during a workweek.

71. Putative Members were not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

72. As such, Putative Members are similar to Plaintiff in that they shared substantially similar job duties, compensation plan, and the denial of overtime and minimum wage.

73. Although the exact amount of damages may vary among Putative

Members, the damages for Putative Members can be easily calculated by a formula. The claims of all Putative Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Putative Members.

74. Plaintiff and the Putative Members were subjected to the same pay provisions in that they were all paid pursuant to the same "service charge"/tip and "commission" scheme, and were not compensated at least the proper minimum wage and overtime for all hours worked as a result of Defendant's common policies and practices, including but not limited to the following:

   a. Plaintiff and other bartenders and/or servers were deprived of their tips because same were improperly classified as a "service charge;"

   b. Plaintiff and other bartenders and/or servers were not paid an hourly or direct wage for all of their hours worked, instead receiving their tips paid back to them as "commission;"

   c. Plaintiff and other bartenders and/or servers were required to participate in a mandatory tip pool, and part of the tip pool was diverted to the business itself; and

   d. Plaintiff and other bartenders and/or servers were not paid proper overtime premiums for their overtime hours.

75. Defendant's uniform method of payment to Plaintiff and Putative Members resulted in a violation of the FLSA's minimum and overtime wage provisions.

76. These policies and practices were applicable to Plaintiff and Putative Members.

77. Accordingly, the putative collective is properly defined as:

**All "Bartenders and/or Servers" who worked for Defendant at the Clevelander South Beach Hotel and Bar 1020 Ocean Dr., Miami Beach, FL 33139, at any time during the three years before this Complaint was filed and up to the present.**

78. Defendant knowingly, willfully, or with reckless disregard carried out its

illegal pattern or practice of failing to pay minimum and overtime wages with respect to Plaintiff and the putative collective Members.

## COUNT I
## RECOVERY OF MINIMUM WAGES

79. Plaintiff reincorporates and readopts all pertinent allegations contained within Paragraphs 1-78 above as though fully set forth herein.

80. Defendant was required to pay Plaintiff at least the applicable minimum wage for all hours worked.

81. Defendant failed to pay Plaintiff the applicable minimum wage for each hour worked for Defendant.

82. Defendant required its servers and bartenders employees to share tips as part of an invalid tip pool arrangement in which a portion of the pool was diverted to the business itself, in violation of the FLSA.

83. Because of these policies, Defendant violated the FLSA in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

84. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

85. Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

86. Based upon information and belief, those similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same policies and practices applicable to Plaintiff, as described above.

87. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages, as well as

contributions to the unlawful tip pool, for one or more weeks of work with Defendant.

88. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the full statutory minimum wage, in addition to disgorgement of tips paid into the unlawful tip pool, and liquidated damages.

89. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

90. Plaintiff and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

91. Plaintiff reincorporates and readopts all pertinent allegations contained within Paragraphs 1-78 above as though fully set forth herein.

92. In the three years preceding the filing of this Complaint, in one or more workweeks, Plaintiff and other similarly situated bartenders and/or servers worked hours in excess of forty (40) hours for which they were not compensated at the statutory rate of one and one-half their regular rates of pay, which, at a minimum, cannot lawfully be less than one and one-half times the lowest lawful minimum wage.

93. Plaintiff and other similarly situated bartenders and/or servers were, and are entitled to be paid at the statutory rate of at least one and one-half the lowest lawful minimum wage for all hours worked in excess of forty (40) hours in a workweek.

94. If a rate higher than the minimum wage is determined to be the applicable regular rate for Plaintiff and those similarly situated, then Plaintiff and Putative Members were, and are, entitled to be paid one and one-half times their regular rates of pay for each overtime hour worked.

95. Defendant's actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by its failure to compensate Plaintiff and other similarly situated bartenders and/or servers at a rate of at least one and one-half times the applicable minimum wage for all hours worked in excess of forty (40) hours per workweek, when it knew, or reasonably should have known, such was, and is due.

96. Due to common policies and practices described herein, Plaintiff and Putative Members suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

97. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## DECLARATORY RELIEF

98. Plaintiff reincorporates and readopts all pertinent allegations contained within Paragraphs 1-78 above as though fully set forth herein.

99. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

100. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

101. Plaintiff may obtain declaratory relief.

102. Defendant employed Plaintiff.

103. Defendant is an enterprise.

104. Plaintiff was individually covered by the FLSA.

105. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

106. Defendant did not rely on a good faith defense in its failure to abide by the

provisions of the FLSA.

107. Plaintiff is entitled to an equal amount of liquidated damages.

108. It is in the public interest to have these declarations of rights recorded.

109. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

110. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant:

    a. Awarding Plaintiff minimum wage compensation in the amount due to her for workweeks Plaintiff worked for Defendant at a rate equivalent to the federal minimum wage;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per workweek while employed by Defendant;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

    f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions and/or overtime wage provisions of the FLSA;

    g. Declaring Defendant failed to prove a good faith defense, and Plaintiff is entitled to minimum wages, overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

    h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    i. Ordering any other further relief the Court deems just and proper.

## **PRAYER**

For these reasons, Plaintiff respectfully requests that judgment be entered in her favor, and in favor of those similarly situated, awarding the following relief:

a. An Order Conditionally Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b. Certification of this action as a collective action and appointing Plaintiff and her counsel to represent the Putative Members;

c. An Order compelling Defendant to disclose the names, addresses, telephone numbers and email addresses of all collective action members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective members of their right by law to join and participate in this lawsuit;

d. An Order declaring that Defendant violated the FLSA and their regulations;

e. An Order declaring Defendant's violations of the FLSA were willful;

f. An Order granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and Putative Members the full amount of damages and liquidated damages available by law;

g. An Order awarding attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

i. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

j. All unpaid wages for hours under forty at the applicable minimum wage rate;

k. Disgorgement of all misappropriated tips, whether characterized as "service charges" or otherwise;

l. An equal amount of all amounts awarded hereunder as liquidated

       damages as required under the FLSA;

m.    Such other relief to which Plaintiff and Members may be entitled, at law or in equity.

<b><u>JURY DEMAND</u></b>

Plaintiff and Putative Members hereby demand trial by jury.

Dated: September 14, 2020.

                          Respectfully submitted,

                          By:   */s/ Angeli Murthy*
                          ANGELI MURTHY, Esq., B.C.S
                          FL Bar No.: 088758
                          E-Mail: Amurthy@forthepeople.com
                          PAUL M. BOTROS, Esq.
                          FL Bar No.: 0063365
                          E-Mail: Pbotros@forthepeople.com
                          MORGAN & MORGAN, P.A.
                          8151 Peters Road, Suite 4000
                          Plantation, Florida 33324
                          Tel: 954-318-0268
                          Fax: 954-327-3016
                          *Trial Counsel for Plaintiff*