UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-CV-23804-DPG

SHANNON DALTON,
for herself and on behalf of those similarly
situated,

    Plaintiff,

v.

CLEVELANDER OCEAN, LP, a Foreign
Limited Partnership, itself, and as successor-in-
interest to 2K Clevelander, LLC a Foreign
Limited Liability Company,

    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Defendant, CLEVELANDER OCEAN, LP, LLC (hereinafter "Defendant") by and through its undersigned attorneys, and hereby files its Answer and Affirmative Defenses to Plaintiff, SHANNON DALTON, for herself and on behalf of those similarly situated employees, Amended Collective Action Complaint and Demand For Jury Trial, and in support thereof states as follows:

### INTRODUCTION

1. Admitted to the extent that this purports to be an action pursuant to the Fair Labor Standards Act ("FLSA"), however, Defendant denies any liability or that that the Plaintiff is entitled to any relief whatsoever.

2. Admitted to the extent that this purports to be an action pursuant to the Florida Minimum

CASE NO.: 1:20-CV-23804-DPG

Wage Act ("FMWA"), however, Defendant denies any liability or that that the Plaintiff is entitled to any relief whatsoever.

3. Admitted to the extent that this purports to be a collective action brought pursuant to 29 U.S.C. § 216(b) and by Plaintiff. However, Defendant denies any violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., Florida Constitution, and the FMWA.

4. Admitted.

5. Defendant admits that employed Plaintiff, however, all other averments contained within paragraph no. 5 are denied.

6. Denied.

7. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## JURISDICTION AND VENUE

14. Admitted for jurisdictional purposes only. All other averments contained within paragraph 14 are denied.

CASE NO.: 1:20-CV-23804-DPG

15. Admitted for jurisdictional purposes only. All other averments contained within paragraph 15 are denied.

16. Defendant admits that venue is proper for venue purposes only. Defendant denies any and all remaining allegations contained in paragraph 16 and footnote no. 1 of Plaintiff's Complaint.

17. Denied.

## PARTIES

18. The Defendant is without knowledge as to Plaintiff's residency and therefore denies those allegations relating to same.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant admits that Plaintiff was employed by Defendant.

26. Admitted.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted.

CASE NO.: 1:20-CV-23804-DPG

31. Denied.

## STATEMENT OF FACTS

32. Denied.

33. Admitted.

34. Defendant admits that it hired Plaintiff, however, denies all other averments contained within paragraph no. 34.

35. Admitted.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied as stated. It is unclear whether the Plaintiff is trying to categorize the service charges as tips.

43. Denied as stated. The service charges are a key part of how the Plaintiff's commissions were calculated. Otherwise denied.

44. Admitted to the extent that Plaintiff earned commissions. Otherwise denied.

45. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

46. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption

47. Denied.

CASE NO.: 1:20-CV-23804-DPG

48. Admitted to the extent that Plaintiff was subject to a tip pool. Otherwise denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

53. Denied.

54. Admitted to the extent that there may be occasions where Plaintiff or servers work in excess of 40 hours per week. Denied to the extent that any individual worked for the Defendant for three years.

55. Denied. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

56. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

57. Denied. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

58. Denied. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. The allegations contained in paragraph 63 of Plaintiff's Complaint state conclusions to which no response is required. In so far as a response is required, the allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 of Plaintiff's Complaint state conclusions to

CASE NO.: 1:20-CV-23804-DPG

which no response is required.  In so far as a response is required, the allegations contained in paragraph 64 are denied.

65. The allegations contained in paragraph 65 of Plaintiff's Complaint state conclusions to which no response is required. In so far as a response is required, the allegations contained in paragraph 65 are denied.

66. Objection. Any communications between Defendant and its counsel is privileged. Notwithstanding the objection, and without waiver of same, denied.

67. Denied.

68. Denied.

## COLLECTIVE/ CLASS ACTION ALLEGATIONS

69. Denied.

70. Denied.

71. Without knowledge and therefore denied.

72. Without knowledge and therefore denied.

73. Denied.

74. Denied.

75. Defendant is without knowledge who are these Putative Members, therefore denies those allegations relating to same. All other averments contained within paragraph no. 75 are denied.

76. Denied.

77. Denied.

78. The allegations contained in paragraph 78 of Plaintiff's Complaint no response is required. In so far as a response is required, the allegations contained in paragraph 78 are denied.

79. The allegations contained in paragraph 79 of Plaintiff's Complaint no response is required. In so far as a response is required, the allegations contained in paragraph 79 are denied.

80. Denied.

81. Denied.

82. Denied.

83. Without knowledge, and therefore, denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Defendant is without knowledge of Plaintiff's interest, therefore denies those allegations relating to same. All other averments contained within paragraph no. 88 are denied.

89. The allegations contained in paragraph 89 of Plaintiff's Complaint state conclusions to which no response is required.  In so far as a response is required, the allegations contained in paragraph 89 are denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Without knowledge, and therefore, denied.

96. Defendant is without knowledge who are these Members, therefore denies those allegations relating to same. All other averments contained within paragraph no. 96 are denied.

## COUNT I
## RECOVERY OF MINIMUM WAGES

97. Defendant reincorporates and readopts all pertinent responses contained within Paragraphs 1-96 above as though fully set forth herein.

98. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

99. Denied. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION/FMWA)

109. Defendant reincorporates and readopts all pertinent responses contained within

CASE NO.: 1:20-CV-23804-DPG

Paragraphs 1-96 above as though fully set forth herein.

110. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

111. Denied. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

112. Denied.

113. Denied.

114. Defendant admits that a letter was served to Defendants. However, Defendant denies any and all entitlement to the claim and all other averments contained within paragraph no. 114.

115. Denied.

116. Denied.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

117. Defendant reincorporates and readopts all pertinent responses contained within Paragraphs 1-96 above as though fully set forth herein.

118. Denied.

119. Denied as stated. Plaintiff was paid pursuant to a lawful § **207**(i) exemption.

120. The allegations contained in paragraph 120 of Plaintiff's Complaint state legal conclusions to which no response is required. In so far as a response is required, the allegations contained in paragraph 120 are denied.

121. Denied.

122. Denied.

123. Denied.

CASE NO.: 1:20-CV-23804-DPG

## COUNT IV
## DECLARATORY RELIEF

124. Defendant reincorporates and readopts all pertinent responses contained within Paragraphs 1-96 above as though fully set forth herein.

125. Admitted for jurisdictional purposes only, however, Defendant denies that the Plaintiff is entitled to any relief and denies that the Plaintiff has stated a cause of action for same or is entitled to any relief based on any cause of action.

126. Admitted for jurisdictional purposes only, however, Defendant denies that the Plaintiff is entitled to any relief and denies that the Plaintiff has stated a cause of action for same or is entitled to any relief based on any cause of action.

127. Denied.

128. Admitted.

129. Admitted.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

CASE NO.: 1:20-CV-23804-DPG

## AFFIRMATIVE DEFENSES

137. As its First Affirmative Defense, the Defendant affirmatively asserts that it is entitled to a set-off for any and all collateral sources or monies paid to or for the benefit of Plaintiff or otherwise available to her.

138. As its Second Affirmative Defense, the Defendant affirmatively asserts that Plaintiff has failed to mitigate her alleged losses, injuries or damages, and, therefore, Defendant is not responsible to the extent that Plaintiff could have mitigated his damages and Plaintiff has barred or diminished his entitlement to damages, if any.

139. As its Third Affirmative Defense, the Defendant asserts that the Plaintiff's claims are barred by the doctrine of equitable estoppel, as the Defendant has materially changed their position with regard to the Plaintiff's claims based upon the inaction of the Plaintiff.

140. As its Fourth Affirmative Defense, the Defendant asserts that Plaintiff's claims for relief are barred by the doctrine of accord and satisfaction, as Plaintiff has continued to accept the payment, she received from the Defendant for his employment services performed as payment in full.

141. As its Fifth Affirmative Defense, the Defendant asserts that Plaintiff was an at-will employee, and therefore, Defendant was entitled to compensate Plaintiff at the rate Defendant determined to be appropriate for the work Plaintiff allegedly performed, which was at all times above the minimum wage and overtime rate, as applicable.

142. As its Sixth Affirmative Defense, the Defendant asserts that all actions taken by Defendant with regard to the Plaintiff's employment were made in good faith, and without malice or intent to harm.

143. As its Seventh Affirmative Defense, the Defendant asserts that any alleged overtime by the Plaintiff spent on the job in excess of Plaintiff's work week was *de minimis* as defined under the Fair Labor Standards Act 29 U.S.C. § 207(a)(1), and therefore, Plaintiff is not entitled to compensation.

144. As its Eighth Affirmative Defense, the Defendant asserts that if Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Thus, a three-year statute of limitations is not warranted.

145. As its Ninth Affirmative Defense, the Defendant asserts that any of the Plaintiff's claims, arising two years prior to the date of the filing of the Complaint, are barred by the statute of limitations. Defendant further states that Plaintiff's claims are barred, as the acts or omissions complained of were done in good faith and the Defendant was acting in good faith in reliance on and conformity with the applicable law.

146. As its Tenth Affirmative Defense, the Defendant asserts that the Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act, 29 U.S.C. § 255.

147. As its Eleventh Affirmative Defense, the Defendant asserts that the Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

148. As its Twelfth Affirmative Defense, the Defendant asserts that if Plaintiff proves that Defendant acted in violation of the FLSA or FMWA, either by action or omission, which is denied, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA or FMWA. Defendant accordingly request this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred.

149. As its Thirteenth Affirmative Defense, the Defendant asserts that the Plaintiff (and the purported class) was exempt from overtime, pursuant to the Retail Sales Exemption, as she worked for a retail sales establishment, she received more than 50% of his compensation as commissions, and her pay was more than 1.5 times the applicable minimum wage for all hours worked in excess of 40 hours per week under 29 USC § 207(i).

150. As its Fourteenth Affirmative Defense, the Defendant asserts that the claims of the Plaintiff are barred by the doctrines of estoppel and/or estoppel by silence in that Plaintiff failed to accurately report hours allegedly worked and/or Defendant was unaware that Plaintiff worked the hours claimed.

151. As its Fifteenth Affirmative Defense, the Defendant asserts that Plaintiff's recoveries for damages are barred because Plaintiff has been properly paid for all hours and all hours worked.

152. As its Sixteenth Affirmative Defense, the Defendant assert that the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiffs for, periods of time during which Plaintiffs did not perform work, including vacation, sick/medical leave, or for periods of time which Plaintiffs were otherwise absent from the workplace, such as holidays and other functions.

153. As its Seventeenth Affirmative Defense, the Defendant asserts that Plaintiff is not similarly situated to any other person or persons for purposes of the FLSA.

154. As its Eighteenth Affirmative Defense, the Defendant asserts that some or all of the purported claims in the Complaint are barred because the named Plaintiff lacks standing to represent the purported collective action members.

155. As its Nineteenth Affirmative Defense, the Defendant asserts that Plaintiff and her counsel are not adequate representatives of those individuals they purport to represent.

156. As its Twenty Affirmative Defense, the Defendant asserts that Plaintiff are not entitled to maintain this lawsuit as a collective action. Plaintiff cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as a collective action.

CASE NO.: 1:20-CV-23804-DPG

157. As its Twenty First Affirmative Defense, the Defendant asserts that the service charge subject to the 7(i) exemption was mandatory and any removal of the same occurred, if ever, on a de minimus basis.

158. As its Twenty Second Affirmative Defense, the Defendant asserts that it never acquired any liabilities or other exposure arising from the predecessor owner, and therefore, no liability arising from acts or omissions of the predecessor owner can be attributable or allocated toward the Defendant.

159. Defendant reserves the right to amend these affirmative defenses and to file additional affirmative defenses, upon proper leave of Court, as necessary and appropriate.

**WHEREFORE**, the Defendant, CLEVELANDER OCEAN, LP, respectfully requests that this Honorable Court enter judgment against Plaintiff, SHANNON DALTON, as to all issues and matters set forth in Plaintiff's Complaint, and award the Defendant attorneys' fees and costs, along with any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

CASE NO.: 1:20-CV-23804-DPG

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CLEVELANDER OCEAN, LP*
*as successor-in-interest to 2K Clevelander, LLC*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: steven.ehrlich@csklegal.com
Alternate e-mail; erika.agosto@csklegal.com

By: s/ *Cody German*
CODY GERMAN
Florida Bar No.: 58654
STEVEN L. EHRLICH
Florida Bar No.: 91409
ERIKA AGOSTO
Florida Bar No.: 1019695

1620.0221-00/22359707