UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SHANNON DALTON, for herself
and on behalf of those similarly situated,

    Plaintiff,

v.                                      CASE NO.: 1:20-cv-23804-DPG

CLEVELANDER OCEAN, LP, a Foreign
Limited Partnership, itself, and as successor-in-
interest to 2K Clevelander, LLC a Foreign
Limited Liability Company,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

**I.    INTRODUCTION**

Plaintiff SHANNON DALTON for herself and on behalf of those similarly situated ("Plaintiff"), and CLEVELANDER OCEAN, LP, a Foreign Limited Partnership, itself, and as successor-in-interest to 2K Clevelander, LLC a Foreign Limited Liability Company ("Defendant", together with Plainitff, hereinafter collectively referred to as the "Parties"), jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement" or the "Settlement Agreement") and entry of an order of dismissal with prejudice. The parties have exchanged pay and time records, and the Parties have engaged in extensive settlement negotiations. Plaintiff had also served multiple sets of discovery upon Defendant, and planned to conduct depositions if the case did not resolve. As a result, the Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a reasonable compromise of the claims of the Plaintiff and Opt-in Plaintiffs (as that term is defined below, and

collectively referred to as "Plaintiffs" in this motion) for the claims asserted, in light of the proof required and Defendant's defenses to Plaintiffs' claims. The Court's approval and entry of an order of dismissal with prejudice will consummate the Agreement between the Parties. The grounds for this joint motion are set forth below.

## II. FACTUAL BACKGROUND

On September 14, 2020, Plaintiff filed a Complaint against Defendant, in which she alleged that Defendant violated the Fair Labor Standards Act (the "FLSA") by violating rules relating to tip sharing and failure to pay overtime. As set forth below, Defendant unequivocally denied (and continue to deny) all of Plaintiffs' allegations, including the collective action allegations, and maintains that its system of utilizing service charges was compliant with the law, and rendered Plaintiff and any putative collective members exempt from the requirement to pay overtime. If Defendant prevailed in these defenses, neither Plaintiff nor anyone in the putative collective would have made any recovery in this matter.

Plaintiff filed a motion for collective certification, and same was fully briefed. However, prior to the Court' ruling on same, the Parties jointly requested a stay of the action on July 21, 2021, due to the pendency of two matters at the Eleventh Circuit with the potential to significantly affect the Parties' legal positions in this matter. D.E. 41. The Court granted this stay, and the Parties filed regular status reports thereafter. D.E.s 42, 43, 45-49. During this time, the Parties continued to have lengthy discussions regarding settlement for Plaintiff and the eighteen (18) additional individuals who had already joined the action ("Opt-In Plaintiffs").

The Consent to Become a Party Plaintiff, executed by each of the Opt-In Plaintiffs ("Opt-In Form"), provided that the Opt-In Plaintiff agreed to be bound by any settlement agreement reached in the collective action. It states as follows:

> I authorize the named Plaintiff to file and prosecute the above-reference matter in my name and on my behalf and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims.

Despite the ability to have named Plaintiff make decisions on behalf of the collective, because none was yet certified, Plaintiff's counsel engaged in individual discussions with each of the eighteen (18) Opt-In Plaintiffs to discuss their damages and wage claims, and received individual consent from each to resolve the claims for the amounts set forth in the settlement eventually reached by the Parties. The terms of the settlement reached between the Parties were memorialized in the Agreement attached hereto as **Exhibit A**. Although Defendant vehemently denies any liability in this matter, and the resolution of the matters pending in the Eleventh Circuit bolstered Defendants' position in the case, in the interest of resolution, and in order to also resolve any state law wage claims Plaintiff or the Opt-In Plaintiffs might bring, Defendant agreed to pay Plaintiff and each Opt-In Plaintiff $1,250, each, divided equally between claims for wages and liquidated damages. The total amount negotiated to be paid to Plaintiff and Opt-In Plaintiffs was $23,250. Finally, the Parties separately negotiated the attorneys' fees to be paid. The amount negotiated to be paid to Plaintiffs' attorneys is $13,750.

Notably, while each Opt-In Plaintiff authorized Dalton to negotiate settlement on his/her behalf, each Opt-In Plaintiff has individually signed the Settlement Agreement, and consented to its terms.

Courts have recognized that approval of FLSA settlements is warranted when the settlement is fair and reasonable. Thus, here, the Court may approve the Parties' Settlement Agreement. In this case, there were multiple disputed issues among the Parties, and the settlement negotiated and reached by the Parties nonetheless provides all of those who are releasing their claims with relief that is reasonable in light of the claims raised and proof offered,

particularly in light of the legal hurdles to their claims presented by the recent Eleventh Circuit rulings on which the stay of the action was based.

As such, the Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

### III. <u>MEMORANDUM OF LAW</u>

#### A. THIS COURT SHOULD APPROVE THE PARTIES' SETTLEMENT AGREEMENT BECAUSE THE AGREEMENT IS A REASONABLE COMPROMISE OF CLAIMS.

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, in reaching a settlement, the parties may present the district court with a proposed settlement, and the district court may enter an order approving the fairness of the settlement, and dismissing the case. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. Thus, when presented with a motion to approve a settlement agreement, the district court must scrutinize the settlement to ensure that it is a fair

and reasonable resolution of a bona fide dispute. *See Roldan v. Windhover Ass'n, Inc.*, No. 6:06-cv-1097-0r1-28JGG, 2007 WL 778958, at *3 (M.D. Fla. Mar. 9, 2007) (recognizing that, when determining whether a settlement is fair and reasonable, courts should consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Here, the Parties' Settlement Agreement is fair and reasonable because it involves disputed claims, and because it was reached after the Parties exchanged extensive documents and information bearing on the Plaintiffs' claims, after the Parties received legal advice from their counsel who analyzed the legal and factual issues involved in the case, and after the Parties negotiated a mutually satisfactory resolution of the disputed claims including through a full day of mediation before an experienced mediator. Plaintiffs faced a realistic possibility that they may be awarded no damages at all. As such, the certain relief afforded by this settlement, prior to further extensive discovery, and without the perils and uncertainties of continued litigation, is in the best interests of all Parties to this matter.

      **i.** **The Parties' Settlement Is Fair and Reasonable Given the Disputed Issues in the Case and the Considerable Expense of Additional Litigation.**

Because of the disputed issues involved in proving or refuting the Plaintiffs' claims, as described above, the Parties agreed that there was significant risk, in proceeding with litigation. While Plaintiff had the ability to raise additional state law claims, same were not of a high dollar value, and would have been more costly for Defendant to litigate than to resolve. Plaintiff also bore issues with respect to proof of the exact damages at issue in any state law claim for wages.

5

Defendants have agreed to pay an amount that Plaintiff and each Opt-In Plaintiff has carefully considered and agrees is reasonable to resolve the claims at this stage, removing the uncertainties of proceeding forward with litigation.

When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir.1977); *see also Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007). In other words, a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 806 (3d Cir.1995), citing *Cotton,* 559 F.2d at 1330.

### ii. The Parties' Settlement Agreement Is the Product of Detailed Analysis and Negotiation, Not Collusion.

After the Parties had an opportunity to review each other's documents, their attorneys began negotiating a resolution of the FLSA claims. These negotiations took place over the course of years, from 2021 to 2023. Attorneys' fees were negotiated separately, and are a fraction of the lodestar actually incurred. By all accounts, the Parties have agreed to a fair and reasonable settlement amount, and, likewise, a fair and reasonable allocation of the settlement amount. The settlement allocation was adjusted to reflect the Parties' belief that additional litigation is likely to be protracted and expensive, given both the claims and defenses that have been asserted.

The Plaintiffs have been independently represented and counseled by their attorney, Angeli Murthy of Morgan & Morgan, P.A., who was obligated to and did, in fact, vigorously represent them throughout the litigation and the settlement process. Through their Opt-In Forms, each Opt-In Plaintiff gave full authority to Named Plaintiff and Morgan & Morgan to settle or resolve the

claims in this lawsuit, and to be bound by a collective action settlement of this lawsuit that is approved by Morgan & Morgan and approved by this Court as fair and reasonable. Additionally, each Opt-In Plaintiff has individually executed the Settlement Agreement. Thus, there is no suggestion that the settlement is the product of collusion. Rather, the settlement is based on detailed analysis, negotiation, and legal advice. In light of the uncertainty of success and the considerable expense of further litigation, the Parties' settlement is entirely fair and reasonable and should be approved by this Court.

      **B.    THE PARTIES AGREE THAT PLAINTIFFS' COUNSEL'S FEES ARE REASONABLE.**

The FLSA has a fee-shifting provision which provides that reasonable attorneys' fees and costs should be awarded to a prevailing party. 29 U.S.C. § 216(b). The federal courts have long recognized the importance of plaintiffs' right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 183 (11th Cir. 1987) (FLSA's fee recovery provision is not collateral to the merits of an FLSA lawsuit, but rather, is an "integral part of the merits" of the lawsuit). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976), 1976 U.S.C.C.A.N. at 5912).

Here, the Parties have negotiated the amount of attorneys' fees separately from the amounts to be paid to the Plaintiffs in the Settlement and only after agreeing to the amounts of Plaintiff and each Opt-in Plaintiff's settlement, and the Parties agree that the amount of fees paid to the Plaintiffs' counsel under the Parties' Agreement is fair and reasonable. As such, it is appropriate for the Court to approve the Agreement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222 (M.D. Fla. 2009) (the court can ensure "that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the

plaintiff's counsel are considered[,]" and "[i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." As such, " if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel"); *Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *3-4 (M.D. Fla. Dec. 26, 2006) (The FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling an individual action). Here, there has been a reasonable compromise, and Plaintiff's counsel's fee was negotiated separately and, thus, the Court may approve the Agreement without delay.

## **CONCLUSION**

WHEREFORE, the Parties respectfully submit that this Court should approve the Parties' Settlement Agreement, and dismiss this action with prejudice, with each party to bear its own attorney's fees except as agreed to by the Parties in writing.

Respectfully submitted this 30th day of August, 2023.

| /s/ *Angeli Murthy* | /s/ *Cody German* |
|---|---|
| Angeli Murthy, Esquire | Cody German, Esquire |
| Florida Bar No.: 088758 | Florida Bar No. 58654 |
| amurthy@forthepeople.com | Cody.german@csklegal.com |
| MORGAN & MORGAN, P.A. | STEVEN EHRLICH, ESQ. |
| 8151 Peters Rd. | Florida Bar No. 91409 |
| Suite 4000 | steven.ehrlich@csklegal.com |
| Plantation, Florida 33324 | Cole, Scott & Kissane Building |
| Telephone: (954) 318-0268 | 9150 South Dadeland Boulevard, |
| Facsimile: (954) 327-3016 | Suite 1400 |
| *Trial Attorneys for Plaintiff* | P.O. Box 569015 |
| | Miami, FL 33156 |
| | Telephone: (786) 268-6415 |
| | Facsimile: (305) 373-2294 |
| | *Trial Attorneys for Defendant* |

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 30th day of August, 2023 which I understand will send notification of same to all counsel of record.

/s/ *Angeli Murthy*
Angeli Murthy, Esq.